IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **TERRY BARTON**,<br><br>                **Plaintiff,**<br><br>v.<br><br>**ANDREW SAUL,**<br>**Commissioner of Social Security**<br><br>                **Defendant.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 4:19-cv-00024-PK**<br><br>**Magistrate Judge Paul Kohler** |

Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security denying his claim for disability insurance benefits under Title II of the Social Security Act. The scope of the Court's review of the Commissioner's final decision is specific and narrow. As the Supreme Court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Biestek*, 139 S. Ct. at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations and citations omitted). Under this deferential standard, this Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The Court's inquiry, "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1157.

After reviewing the record, the parties' briefs, and the parties' oral arguments, the Court has decided to affirm the Commissioner's decision.

## DISCUSSION

### I. Background

Plaintiff applied for benefits in May 2015, alleging disability beginning December 1, 2013, due to memory loss, a blood clotting disorder, pulmonary embolism, sleep apnea, and depression, among other conditions (Certified Administrative Transcript (Tr.) 147-50, 176). He completed high school and had past relevant work as a software engineer (Tr. 177-78).

After a hearing (Tr. 29-42), an administrative law judge (ALJ) issued an April 2018 decision finding that Plaintiff was not disabled through December 31, 2016, his date last insured (Tr. 9-28).[1] The ALJ followed the familiar five-step sequential evaluation for assessing disability. *See generally* 20 C.F.R. § 404.1520(a)(4) (outlining the process). As relevant here, the ALJ found that Plaintiff had severe impairments (frontal lobe syndrome, sleep apnea, and obesity), but that his medical conditions did not meet or equal the criteria of the per se disabling impairments listed at 20 C.F.R. pt. 404, subpt. P, app. 1 (Tr. 14-17). The ALJ next determined that Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light work (Tr. 17-21). Considering this RFC, and consistent with vocational expert testimony, the ALJ found that Plaintiff was unable to perform his past relevant work, but could perform other jobs existing in significant numbers in the national economy (Tr. 21-22). Therefore, the ALJ concluded that Plaintiff was not disabled (Tr. 22).

---

[1] In order to qualify for benefits, a claimant must establish a disability on or before his date last insured. *See* 20 C.F.R. §§ 404.101, 404.120, 404.315; *see also Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1348-49 (10th Cir. 1990) ("the relevant analysis is whether the claimant was actually *disabled* prior to the expiration of her insured status" (emphasis in original)).

The Appeals Council then denied Plaintiff's request for review (Tr. 1-5), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a). This appeal followed.

**II.    Analysis**

On appeal, Plaintiff alleges that the ALJ's decision was not supported by substantial evidence, asserting that (1) the ALJ erred in evaluating the opinions from Dr. Martin Shinedling; and (2) that the ALJ failed to account for all of Plaintiff's limitations in assessing his RFC (Plaintiff's Brief (Pl. Br.) 2-14). However, as discussed below, the Court finds that the ALJ's decision is supported by substantial evidence in the record, and therefore, it must be affirmed.

**A.    The ALJ's Evaluation of Dr. Shinedling's Opinions**

As a preliminary matter, it is undisputed by the parties that in order to qualify for benefits, a claimant must establish disability on or before his date last insured. *See* 20 C.F.R. §§ 404.101, 404.120, 404.315; *see also Potter*, 905 F.2d at 1348-49. At issue in this case is the ALJ's determination that Plaintiff failed to establish that he was disabled prior to his December 2016 date last insured (Tr. 12-22). *See* Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *8 ("Under Title II, a period of disability cannot begin after a worker's disability insured status has expired.").

In challenging the ALJ's decision, Plaintiff primarily relies on two opinions from Dr. Shinedling—one from December 2017 and another from February 2018 (Plaintiff's Brief (Pl. Br.) 6-9). However, as Defendant points out, both of these opinions were authored long after Plaintiff's December 2016 date last insured. The Tenth Circuit has noted that medical evidence beyond a claimant's date last insured may be considered, but only to the extent that it sheds light on the nature and severity of the plaintiff's condition during the relevant time period. *See*

*Hamlin v. Barnhart*, 365 F.3d 1208, 1217 (10th Cir. 2004). There is no evidence Dr. Shinedling treated or evaluated Plaintiff prior to December 2017, and his resulting opinion did not purport to assess Plaintiff's mental functioning prior to December 2016 (Tr. 539-44). Further, while Dr. Shinedling's February 2018 opinion stated that Plaintiff first exhibited symptoms consistent with a neurocognitive disorder in 2016 (Tr. 625), Dr. Shinedling did not evaluate Plaintiff in 2016, and there is no evidence that he reviewed Plaintiff's medical records (Tr. 539-44, 624-31). Dr. Shinedling also acknowledged that it was "unknown" whether Plaintiff's impairments, symptoms, and limitations had been present since December 2013 (Tr. 630). Thus, the Court concludes that Dr. Shinedling's opinions were of limited assistance to the ALJ in assessing Plaintiff's functioning and abilities from December 2013 through December 2016. *See Huston v. Bowen*, 838 F.2d 1125, 1127 (10th Cir. 1988) (claimant's eligibility for benefits turned on the severity of his back problems prior to his date last insured, not at the time of his subsequent application).

Moreover, despite the fact that these opinions lacked temporal relevance, the ALJ still considered them and reasonably concluded that they were only entitled to little weight (Tr. 20). The ALJ first determined that Dr. Shinedling's February 2018 opinion was inconsistent with his December 2017 evaluation (Tr. 20). For instance, although Dr. Shinedling's December 2017 testing revealed that Plaintiff's memory was in the normal range (Tr. 543), in February 2018, he opined that Plaintiff would have memory problems (Tr. 625). And while the December 2017 evaluation did not appear to evaluate Plaintiff's social functioning or abilities, Dr. Shinedling later assessed him with many moderate to marked limitations in his ability to interact with others (*compare* Tr. 539-44 *with* Tr. 628). Finally, Dr. Shinedling's earlier testing showed that Plaintiff scored in the 95th percentile in verbal reasoning ability and in the 75th percentile in long term

4

memory and general fund of information (Tr. 542-43). Dr. Shinedling nonetheless assessed him with many moderate to marked limitations in areas such as understanding and learning terms and instructions; following instructions; and identifying and solving problems (Tr. 628). Thus, the Court finds that the ALJ reasonably concluded that Dr. Shinedling's February 2018 opinion was inconsistent with his December 2017 examination. *See* 20 C.F.R. § 404.1527(c)(4) (stating an ALJ must consider consistency); *Simmons v. Colvin*, 635 F. App'x 512, 515 (10th Cir. 2015) (unpublished) ("The ALJ also properly relied on the fact that Dr. Morse's impairment ratings on the forms were far more extreme than his own treatment notes would suggest."); *White v. Barnhart*, 287 F.3d 903, 907-08 (10th Cir. 2002) (discrepancy between treating physician's very restrictive functional assessment and her contemporaneous examination a legitimate factor for rejecting that opinion).

The ALJ also discounted Dr. Shinedling's opinions because they were inconsistent with the overall record (Tr. 20). Elsewhere in his decision, the ALJ noted that a December 2014 mental status examination revealed that Plaintiff had "occasionally mildly slow mental processing speed," but that his attention, language, memory, executive function, and recall were normal (Tr. 19; *see* Tr. 329). The ALJ also observed that Plaintiff remained able to perform simple maintenance, prepare meals, pay bills, go to doctor's appointments, read, spend time with family and friends, and deal appropriately with authority figures (Tr. 16; *see* Tr. 189-94). The Court finds that the ALJ reasonably concluded that this evidence was inconsistent with the limitations assessed by Dr. Shinedling (Tr. 20). *See* 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (ALJ reasonably discounted treating physician opinion which was inconsistent with other medical evidence). And having already set forth this evidence, the

ALJ was not required to repetitively discuss it again when discounting Dr. Shinedling's opinion. *See Endriss v. Astrue*, 506 F. App'x 772, 777 (10th Cir. 2012) (unpublished) ("The ALJ set forth a summary of the relevant objective medical evidence earlier in his decision and he is not required to continue to recite the same evidence again in rejecting Dr. Wright's opinion.").

In challenging the ALJ's decision, Plaintiff asserts that the ALJ's evaluation of these opinions was insufficient because the ALJ did not provide any specific citations to the record (Pl. Br. 8-9). But while the ALJ's discussion of this opinion was terse, the Court finds that because the ALJ provided two valid reasons, and previously discussed evidence that was inconsistent with Dr. Shinedling's findings, the ALJ's decision was sufficiently specific for judicial review. *See Bowen v. Yuckert*, 482 U.S. 137, 157 (1987) (O'Connor, J., concurring) ("To be sure the Secretary faces an administrative task of staggering proportions in applying the disability benefits provisions of the Social Security Act. Perfection in processing millions of such claims annually is impossible."); *Wall v. Astrue,* 561 F.3d 1048, 1067 (10th Cir. 2009) (the Tenth Circuit will generally find the ALJ's decision adequate if it discusses the uncontroverted evidence the ALJ chooses not to rely upon and any significantly probative evidence the ALJ decides to reject); *Davis v. Erdmann*, 607 F.2d 917, 919 n.1 (10th Cir. 1979) ("While we may not supply a reasoned basis for the agency's action that the agency itself has not given . . . we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." (citations omitted)).

**B.     Plaintiff's RFC**

Plaintiff next asserts that the ALJ's purported failure to weigh Dr. Shinedling's opinions resulted in an RFC assessment that did not account for all of his alleged limitations (Pl. Br. 9-13). The Court also finds this claim unpersuasive.

Plaintiff generally argues that his mental limitations, as set forth by Dr. Shinedling, resulted in greater restrictions than provided by the ALJ's RFC assessment (Pl. Br. 9). But the ALJ limited Plaintiff to understanding, remembering, and carrying out simple, routine, and repetitive tasks and adapting to routine work changes (Tr. 17). And the ALJ relied only upon unskilled jobs at step five of the sequential evaluation process (Tr. 22). Further, while Dr. Shinedling's opinions showed that a year after Plaintiff's date last insured, he was experiencing deficits in areas such as attention and concentration, the ALJ reasonably discounted this opinion, as set forth above. And the ALJ set forth and discussed evidence showing that Plaintiff was not as limited during the relevant period (Tr. 16, 19; *see* Tr. 189-94, 329). Further, both state agency psychologists concluded that Plaintiff remained capable of semi-skilled work, although the ALJ gave him the benefit of the doubt in limiting him to unskilled work (Tr. 63, 81). Therefore, the Court concludes that the ALJ reasonably restricted Plaintiff to unskilled work, which accounted for all of Plaintiff's limitations that the ALJ found supported by the record. *See, e.g., Hernandez v. Colvin*, 567 F. App'x 576, 582-83 (10th Cir. 2014) (recognizing that in certain circumstances mental limitations can be adequately accommodated by a RFC for unskilled work); *Bales v. Colvin*, 576 F. App'x 792, 798 (10th Cir. 2014) (unpublished) (affirming the ALJ's decision that Plaintiff was capable of unskilled work despite the ALJ's finding "of a moderate limitation in concentration, persistence, or pace at step three").

Finally, Plaintiff asserts that the ALJ should have discussed and accounted for various impairments in the RFC assessment, such as Plaintiff's blood clots, asthma, right shoulder injury, and depression (Pl. Br. 12-14). But the ALJ extensively discussed Plaintiff's pulmonary embolism, and the fact that his physical examinations were nonetheless generally unremarkable (Tr. 19). And the ALJ limited Plaintiff to light work to account for any physical limitations

stemming from this condition.  Further, Plaintiff cites to only one treatment note in the record demonstrating that he was diagnosed with asthma (Pl. Br. 12, citing Tr. 486), and he also relies on a right shoulder injury that apparently occurred in 2009 and 2010, but he does not provide evidence showing that these impairments actually affected him during the relevant period (Pl. Br. 12, citing Tr. 409, 428).  The ALJ is not required to include limitations in the RFC assessment that are not supported by the record as a whole.  *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (ALJ was not required to include in his RFC assessment limitations that were not supported by the medical record).  And while Plaintiff argues that the state agency physicians found him slightly more physically limited than the ALJ (Pl. Br. 12), the decision shows that the ALJ acknowledged this, but concluded that Plaintiff was not quite so limited (Tr. 20).  Indeed, it is the prerogative of the ALJ, not a physician, to assess the RFC based on the entire record.  *See Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004) ("[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record."); *Young v. Barnhart*, 146 F. App'x 952, 955 (10th Cir. 2005) (unpublished) ("The determination of RFC is an administrative assessment, based upon all the evidence of how the claimant's impairments and related symptoms affect her ability to perform work-related activities. . . . The final responsibility for determining RFC rests with the Commissioner, based upon all the evidence in the record, not only the relevant medical evidence.").

Finally, Plaintiff asserts that the ALJ did not consider his depression (Pl. Br. 13).  But the ALJ relied on Plaintiff's normal mental status examination (Tr. 19; *see* Tr. 329-30), and indeed, the record generally showed that Plaintiff's psychological examinations were normal (*see, e.g.*, Tr. 293, 429-30, 432, 468, 497).  Plaintiff failed to show that his depression resulted in any additional mental limitations beyond those already assessed by the ALJ.  *See Qualls*, 206 F.3d at

1372. Therefore, the Court finds that the ALJ's decision sufficiently accounted for all of Plaintiff's limitations, and the decision will be affirmed.

## CONCLUSION

The ALJ's decision is supported by substantial evidence and is free from harmful error. Accordingly, the Commissioner's decision is hereby AFFIRMED. Judgment will be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

Signed January 2, 2020.

BY THE COURT:

Paul Kohler
United States Magistrate Judge